UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JAMES A. GREENE,

                      Plaintiff,

         -v-

MEGAN PETE *ET AL.*,

                      Defendants.

22 Civ. 4220 (PAE) (SN)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Plaintiff James A. Greene ("Greene"), proceeding *pro se*, seeks damages from a variety of defendants—all involved in the music industry as performers, producers, and record labels—for alleged copyright infringement. Specifically, Greene alleges that Megan Pete ("Pete"), Anthony White ("White"), Beyoncé Knowles-Carter ("Knowles-Carter"), 1501 Certified Entertainment, LLC ("1501"), 300 Entertainment LLC ("300"), and Warner Music Group Corp. ("WMG") (collectively, "defendants") infringed on the copyright of his instrumental musical composition, "It's About To Be On." They allegedly did so in collectively recording, producing, and releasing the song "Savage," performed by Pete (who performs under the name Megan Thee Stallion), featuring Knowles-Carter, produced by White, and released by 1501 and 300 (a subsidiary of WMG).

      On May 24, 2022, the Court referred this case to the Hon. Sarah Netburn, Magistrate Judge, for general pretrial management. Dkt. 8. On August 15, 2022, 300, Pete, WMG, and White moved to dismiss the complaint in its entirety, under Federal Rules of Civil Procedure 8(a), 12(b)(5), and 12(b)(6). Dkts. 19–23. The Court referred the motion to Judge Netburn for a

Report and Recommendation. Dkt. 27. On September 1, 2022, 1501 also moved to dismiss the complaint in its entirety, under Rules 8(a), 12(b)(2), 12(b)(5), and 12(b)(6). Dkts. 30–31. The Court also referred that motion to Judge Netburn for a Report and Recommendation. Dkt. 34. On September 15, 2022, Greene opposed the motions, Dkt. 35, and on September 28, 2022, defendants replied, Dkts. 36, 38, to which Greene responded once more on September 30, 2022, Dkt. 40.

On January 3, 2023, Judge Netburn issued a Report and Recommendation, Dkt. 41 (the "Report"). It recommends that the Court dismiss, pursuant to Rule 12(b)(6), Greene's complaint without prejudice. *Id.* at 7. According to the Report, two kinds of copyright registrations are relevant here. The first is a sound recording registration, or "SR," which Greene obtained for his recording on April 16, 2015. *Id.* at 2 (citing Dkt. 1). The second is a performing arts registration, or "PA," which Greene obtained on August 29, 2022. *Id.* On March 6, 2020—after Greene obtained the SR but before he obtained the PA—the song "Savage" was released by 1501 and 300. *Id.* Further, Greene obtained the PA after initiating this action. *Id.* Because he did not have the PA at the time of the complaint, the Report concludes, Greene "is limited to claiming that [d]efendants sampled or otherwise directly copied his recording," in violation of the SR. *Id.* at 6. However, Greene "has instead brought a suit for infringement of the underlying musical composition," in violation of the PA. *Id.* at 6–7. The Report concludes that because he "failed to satisfy the statutory prerequisite of registration" by obtaining the PA *after* filing this suit, his claims must be dismissed. *Id.* at 7.

On January 24, 2023, Green filed objections to the Report. Dkt. 45 ("Obj."). On February 6 and 7, 2022, defendants replied to these objections. Dkts. 46, 48.

For the following reasons, the Court adopts the Report in its entirety.

2

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

3

Greene raises various objections.[1] However, even when reading these with the special solicitude owed to *pro se* filings, the Court does not discern any objections sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" to warrant *de novo* review. *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017); *see, e.g.*, *Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at *5 (S.D.N.Y. Sept. 30, 2022). Greene's objections restate the very fact on which the Report premises its recommendation to dismiss: that Greene lacked the PA *prior* to filing this suit. He writes:

> Despite not having the PA registrations asserted in the complaint when it was filed, Plaintiff thought the registrations could be asserted into the claim once he obtained it and asserted the registrations with Plaintiff's Opposition To Motion To Dismiss. However, Plaintiff's PA Registrations and SR Registrations should be considered as evidence in the case based on the truth of this matter. Therefore, because of the facts presented, Plaintiff should be considered given the benefit of doubt by the courts in Good Faith.

Obj. at 4.

These objections do not undermine (in fact, they support) Judge Netburn's conclusion that dismissal without prejudice is warranted. Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2. Finding none in Judge Netburn's characteristically thorough and well-reasoned Report, the Court adopts the Report in full.

The Court identifies one additional issue not explicitly addressed by the Report: whether dismissal is appropriate as to the claims against Knowles-Carter, who has not appeared in the

---

[1] The Court does not address Greene's objections, *see* Obj. at 1–4, regarding his failure to serve because the Report does not base its recommendation to dismiss on such a failure. *See* Report at 4 ("Because proper service may still be obtained, and because Defendant WMG has not challenged the sufficiency of its service, I address Defendants' arguments for dismissal under Rule 12(b)(6).").

4

action, and whom Greene claims to have attempted, but failed, to serve. *See* Obj. at 3. The general policy of the Second Circuit is to disapprove the dismissal of *pro se* petitions "before service and appearance." *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987). But this is not an instance where Greene should be afforded wide deference with respect to Federal Rule of Civil Procedure 4(m), which imposes a 90-day deadline for service. As the Report notes, Green "has not requested an extension of time to serve her, and the Court does not discern from [Greene's] submissions a basis to find good cause for the delay." Report at 4. And even were the Court to permit Greene to proceed with his claims against Knowles-Carter now, they would ultimately be fatal for the same reasons applicable to the other defendants, as explained in the Report. And, importantly, the Report recommends dismissal without prejudice "[b]ecause the deficiency [of the Complaint] is due to the timing of registration, itself akin to an administrative exhaustion requirement." *Id.* at 7. The Court treats this recommendation as equally applicable to the dismissal of the claims against Knowles-Carter. This affords Greene an opportunity to bring another action along these lines, with the deficiency as to registration cured, and proper service made.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Netburn's January 3, 2023 Report and Recommendation in its entirety and dismisses Greene's complaint without prejudice.

The Court respectfully directs the Clerk of the Court to terminate the motions at docket numbers 19 and 30, mail a copy of this decision to Greene at the address on file, and close the case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 16, 2023
      New York, New York